## CHILDRESS COUNTY v. STATE et al.
### No. 4459.

Court of Civil Appeals of Texas. Amarillo.
June 8, 1936.

Elmer V. East and Mahan & Broughton, all of Childress, for appellant.

Loyd R. Kennedy, of Morton, and Lockhart & Brown, of Lubbock, for appellees.

JACKSON, Justice.

This is a suit by appellee, the state of Texas, to recover certain delinquent taxes alleged to be due the state and Cochran county by appellant, Childress county, on its school land situated in Cochran county.

The appellee obtained judgment in the trial court against I. C. Enochs for the sum of $3,226.42, the taxes, interest, penalty, and costs alleged to be due the state and Cochran county for the years 1931 and 1932, a foreclosure of the tax lien on the land against both I. C. Enochs and Childress county; and directed the clerk to issue an order of sale and that the land be seized and sold as under execution for the amount of the judgment. A money judgment was also rendered against Childress county for the sum of $846.50, the taxes, interest, penalty, and costs alleged to be due the state and Cochran county for the year 1933, fixed a lien upon the land, directed that no order of sale for the 1933 delinquent taxes be issued, but directed the clerk to certify the amount of the judgment to the commissioners' court of Childress county, and ordered said commissioners' court to pay said judgment out of reve-

nue derived from the land, if any, and if there was no such revenue, said commissioners' court was directed to pay the judgment out of the general fund.

Certain questions were certified to the Supreme Court for determination, and in an opinion by Associate Justice Sharp, published in 92 S.W.(2d) 1011, the law questions affecting the merits of the case were decided. The opinion, to which we refer for a complete statement, settles the extent of the liability of appellant and the rights of appellee. Under this decision the appellee was not entitled to the money judgment for $846.40 without showing that the land was rendered for the 1933 taxes by appellant or with its authority. The testimony is not sufficient to show such a rendition. We are of the opinion, if the appellee shows a binding rendition, the claim therefor should be presented to the commissioners' court of Childress county for allowance or rejection as provided in article 1573, R.C.S., before it could maintain a suit for a money judgment thereon. The land is liable for the county taxes for 1931, 1932, and 1933, but not for the state taxes adjudged against it after the title reverted to Childress county.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the opinion of the Supreme Court.